The GAS PUMP, INC., Jack Karesh,
Plaintiffs–Appellants,

v.

GENERAL CINEMA BEVERAGES OF NORTH FLORIDA, INC., Coca–Cola Bottling Company United, Inc., Defendants–Appellees.

No. 92–8041.

United States Court of Appeals,
Eleventh Circuit.

Feb. 3, 1993.

Brent Jamieson Savage, Adams Gardner & Ellis, Savannah, GA, Leonard Egan, William C. Buckhold, Washington, DC, for Gas Pump and Karesh.

C. Benjamin Crisman, Jr., William J. Guzick, Gary A. MacDonald, Washington, DC, for General Cinema.

Nathan Harvey Weitz, Weiner Shearouse Weitz Greenberg & Shawe, Savannah, GA, Thad G. Long, Bradley Arant Rose & White, Birmingham, AL, for Coca–Cola.

Wallace E. Harrell, Gilbert, Harrell, Gilbert, Sumerfold & Martin, Brunswick, GA, for defendants-appellees.

Before TJOFLAT, Chief Judge, BLACK, Circuit Judge, and JOHNSON, Senior Circuit Judge.

JOHNSON, Senior Circuit Judge:

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE VI, SECTION VI, PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND ITS HONORABLE JUSTICES:

It appears to the United States Court of Appeals for the Eleventh Circuit that this case involves a question of Georgia law that is determinative of this case, but unanswered by controlling precedent of the Su-

preme Court of Georgia or any other Georgia court. We therefore certify the question for resolution by the highest court of Georgia. *See* O.C.G.A. § 15–2–9 (1990); Ga.Sup.Ct.R. 37.

## I. STATEMENT OF THE CASE

Coca–Cola Bottling Company United, Inc. ("Coke United") manufactures and distributes Coca–Cola soft drink products in the Savannah area. Until 1985, General Cinema Beverages of North Florida, Inc. ("General Cinema"), manufactured and distributed Pepsi–Cola soft drink products in the Savannah area.

The Gas Pump, Inc. ("Gas Pump"), a Georgia corporation of which Karesh is the sole shareholder, operated a service station and convenience store that purchased soft drink products from Coke United and General Cinema between 1981 and 1984. In May 1988, Gas Pump was administratively dissolved by the Georgia Secretary of State for failing to comply with Georgia's annual filing and fee requirements for a Georgia corporation.

On March 21, 1991, Gas Pump commenced this action by filing a class action against General Cinema alleging that General Cinema had engaged in price fixing with Coke United in the Savannah area between 1979 and 1985. Gas Pump filed the action on behalf of itself and all other retailers in the Savannah area that purchased soft drink products from General Cinema and Coke United. Gas Pump subsequently amended its complaint to add Jack Karesh as a plaintiff and Coke United as a defendant. The district court entered summary judgment for General Cinema and Coke United, holding that neither Gas Pump nor Karesh had the capacity to sue.

▮▮▮ Whether Gas Pump has capacity to bring suit in federal court is determined by reference to the law of Georgia. *See* Fed. R.Civ.P. 17(b) (capacity to sue determined by state of corporation's organization). Under Georgia law, "[i]n the absence of a

statute providing otherwise, a corporation whose charter has expired or which has been otherwise dissolved cannot be treated as a legal entity with capacity to sue or be sued in its corporate name." *Trust Co. v. Mortgage–Bond Co.*, 203 Ga. 461, 46 S.E.2d 883, 883 (1948).

▮▮▮ By statute, Georgia permits administratively dissolved corporations to carry on business "necessary to wind up and liquidate its business and affairs under Code Section 14–2–1405." O.C.G.A. § 14–2–1421(c) (Supp.1992). Section 1405 in turn provides that an administratively dissolved corporation

> may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
>
> (1) Collecting its assets;
>
> (2) Disposing of its properties that will not be distributed in kind to shareholders;
>
> (3) Discharging or making provision for discharging liabilities;
>
> (4) Distributing its remaining property among its shareholders according to their interests; and
>
> (5) Doing any other act necessary to wind up and liquidate its business and affairs.

O.C.G.A. § 14–2–1405 (1989).

Relying on section 1405(5), the district court held that bringing this suit was not a "necessary" act in the winding up of Gas Pump's affairs, citing the complex nature of a federal antitrust class action and the fact that Gas Pump sought injunctive relief which would be meaningless as Gas Pump was no longer operating. Accordingly, the district court held that Gas Pump lacked capacity to bring suit under Rule 17(b).[1] This appeal followed.

## II. QUESTION CERTIFIED TO THE SUPREME COURT OF GEORGIA

Because no Georgia case has directly addressed when an administratively dissolved

---

1. The district also held that Karesh lacked the capacity to bring suit, basing its holding in part upon the fact that Karesh's capacity to bring suit was derivative of Gas Pump's ability to bring suit. We reserve our consideration of Karesh's capacity until we receive the Georgia Supreme Court's answer to the certified question.

corporation has the capacity to bring suit, we respectfully certify the following question to the Georgia Supreme Court:

Whether a corporation that is administratively dissolved pursuant to § 14–2–1421 of the Official Code of Georgia Annotated has the capacity to bring a federal antitrust claim?

We do not intend the particular phrasing of this question to restrict the Supreme Court of Georgia in its consideration of the issue or in the manner in which it gives its reply. The clerk of this court is directed to transmit this certificate as well as the briefs and record filed with the court to the Supreme Court of Georgia, and simultaneously to transmit copies of the certificate to the attorneys for the parties.

QUESTION CERTIFIED.