S93Q0746. GAS PUMP, INC. et al. v. GENERAL CINEMA
BEVERAGES OF NORTH FLORIDA, INC. et al.

(436 SE2d 207)

BENHAM, Justice.

This case is before us on a certified question from the United States Court of Appeals for the Eleventh Circuit. The facts and procedural history of the case, as established in the opinion of the Eleventh Circuit[1] may be summarized as follows: Gas Pump is a Georgia corporation which operated a convenience store and gas station. That corporation was administratively dissolved in May 1988 for failure to comply with state filing and fee requirements. In March 1991, Gas Pump filed a federal antitrust action against General Cinema, alleging that General Cinema and another bottling company, from both of which Gas Pump purchased soft drinks between 1981 and 1984, had engaged in illegal price fixing. The suit was filed as a class action on behalf of all retailers who bought from the two companies and was amended to add Gas Pump's sole shareholder as a plaintiff and the other bottling company as a defendant. The district court granted summary judgment to the two defendants, ruling that neither plaintiff had the capacity to bring the suit. The Eleventh Circuit determined that the question of capacity was governed by state law and that no Georgia case has addressed directly the question of when an administratively-dissolved corporation has the capacity to bring suit. Accordingly, it certified to this court the following question:

Whether a corporation that is administratively dissolved pursuant to § 14-2-1421 of the Official Code of Georgia Annotated has the capacity to bring a federal antitrust claim?

As the Eleventh Circuit correctly noted, the question of an administratively-dissolved corporation's capacity to bring suit, or to take any other action, is controlled by statutes which have not yet been interpreted by this court. To the extent necessary to answer the question certified to us, we shall do so now.

1. The basic restriction on the activities of administratively-dissolved corporations is set out in OCGA § 14-2-1421 (c):

A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under Code Section 14-2-1405.

OCGA § 14-2-1405, which appears in the portion of the Georgia Busi-

---

[1] *Gas Pump v. General Cinema Beverages of N. Fla.*, 982 F2d 478 (11th Cir. 1993).

ness Corporation Code dealing with the voluntary dissolution of corporations, provides as follows:

> A corporation that has filed a notice of intent to dissolve continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including:
> (1) Collecting its assets;
> (2) Disposing of its properties that will not be distributed in kind to its shareholders;
> (3) Discharging or making provision for discharging its liabilities;
> (4) Distributing its remaining property among its shareholders according to their interests; and
> (5) Doing every other act necessary to wind up and liquidate its business and affairs.

An additional limitation is provided in OCGA § 14-2-1422 (a), which provides an administratively-dissolved corporation a period of two years in which to seek reinstatement as a viable corporate entity.

2. The district court based its decision that Gas Pump lacks capacity to maintain an antitrust action primarily on an analysis of necessity, holding that maintenance of the action was not necessary for the winding up and liquidation of the business of this particular corporation. We agree with the implication of that analysis, that the question of capacity is one to be decided on a case by case basis, but find a more compelling reason to hold that the specific administratively-dissolved corporation involved here lacked capacity to bring the antitrust action: the expiration of the time in which an administratively-dissolved corporation continues its existence.

As set out above, § 14-2-1421 provides for the continuation of the existence of an administratively-dissolved corporation and § 14-2-1422 gives the administratively-dissolved corporation two years in which it may seek reinstatement. The expiration of the time for reinstatement puts a stamp of finality on the demise of the corporation — it can no longer be resuscitated. The unavoidable conclusion is that the corporation cannot, after the time its demise is deemed complete, initiate any activity. To permit a suit to be initiated in the name of the dissolved corporation after that time would be to sanction a form of legal necromancy, reanimation of the empty husk of a dead corporate entity. We reject, therefore, Gas Pump's assertion that the legal existence of an administratively-dissolved corporation continues indefinitely and without practical limit on its ability to conduct any business which it asserts is necessary to winding up its affairs. Read together, §§ 14-2-1405, 14-2-1421, and 14-2-1422 provide a period of

two years in which an administratively-dissolved corporation can initiate activities necessary to the winding up and liquidation of its affairs and business. If it is not reinstated during that period, it can take no further action.

Gas Pump asserts that because it was administratively dissolved prior to the enactment of the present statutory scheme, the time limits set out in the preceding paragraph do not apply to it. That argument is of no practical effect: although former OCGA § 14-2-283 (e) provided for a five-year reinstatement period, former OCGA § 14-2-293 provided a two-year limitation period for the initiation of any action by the dissolved corporation. Thus, under either the present or former law, appellant would be barred from bringing the suit by the fact that it was not filed until more than two years had elapsed since the administrative dissolution.[2]

Because the limits which Georgia statutes place on the activities of administratively-dissolved corporations are based on fact-sensitive criteria, i.e., whether the particular act is "necessary" for the winding up of the corporation's business and, in the case of filing a lawsuit, whether the action is filed within the time that the corporation can still undertake necessary activities, the question posed by the Eleventh Circuit cannot be answered in an absolute fashion that will apply to every administratively-dissolved corporation. However, as to Gas Pump's capacity to maintain the federal antitrust action at issue in this case, the answer must be in the negative: it does not have that capacity.

*Question answered. All the Justices concur.*

DECIDED NOVEMBER 8, 1993 —
RECONSIDERATION DENIED DECEMBER 2, 1993.

*Adams, Ellis & Savage, Brent J. Savage, Keenan & Ashman, Charles R. Ashman, Jeffrey W. Lasky, Fort & Schlefer, Leonard Egan, William C. Buckhold,* for appellants.

*Gilbert, Harrell, Gilbert, Sumerford & Martin, Wallace E. Harrell, Weiner, Shearouse, Weitz, Greenberg & Shaw, N. Harvey Weitz, Skadden, Arps, Slate, Meagher & Flom, C. Benjamin Crisman, Jr., William J. Guzick, Gary A. MacDonald,* for appellees.

---

[2] There being no indication in the record that Gas Pump has been reinstated or that it initiated reinstatement proceedings in the more than five years that have passed since it was administratively dissolved, we are not required in this case to decide how that would affect its ability to bring this action which accrued before its dissolution.