**The GAS PUMP, INC., Jack Karesh, Plaintiffs–Appellants,**

v.

**GENERAL CINEMA BEVERAGES OF NORTH FLORIDA, INC., Coca–Cola Bottling Company United, Inc., Defendants–Appellees.**

No. 92–8041.

United States Court of Appeals, Eleventh Circuit.

Jan. 19, 1994.

Before TJOFLAT, Chief Judge, BLACK, Circuit Judge, and JOHNSON, Senior Circuit Judge.

PER CURIAM:

Brent Jamieson Savage, Adams Gardner & Ellis, Savannah, GA, Leonard Egan, William C. Buckhold, Washington, DC, for Gas Pump, Karesh.

C. Benjamin Crisman, Jr., William J. Guzick, Gary A. MacDonald, Washington, DC, Wallace E. Harrell, Gilbert, Harrell, Gilbert, Sumerfold & Martin, Brunswick, GA, for General Cinema.

Nathan Harvey Weitz, Weiner Shearouse Weitz, Greenberg & Shawe, Savannah, GA, Thad G. Long, Bradley Arant Rose & White, Birmingham, AL, for Coca–Cola.

---

The Gas Pump, Inc. ("Gas Pump"), a dissolved Georgia corporation and its sole shareholder, Jack Karesh, claim that the district court erred in finding that each lacked the capacity to maintain the instant antitrust class action. In *Gas Pump, Inc. v. General Cinema Beverages of N. Fla.*, 982 F.2d 478 (11th Cir.1993), we certified to the Supreme Court of Georgia the question of whether an administratively dissolved corporation has the capacity to bring a federal antitrust claim. In light of its negative answer, we affirm the grant of summary judgment in favor of defendants and the dismissal of the appellants' claims.

The relevant facts are as follows. Gas Pump operated a convenience store and gas station. In May of 1988, it was administratively dissolved for failure to comply with certain of Georgia's filing and fee requirements.

On March 21, 1991, Gas Pump filed a federal antitrust class action on behalf of itself and all other retailers in the Savannah area that purchased soft drink products from General Cinema Beverages of North Florida, Inc. ("General Cinema") and Coca–Cola Bottling Company United, Inc. ("Coke United"). Gas Pump alleged that between 1979 and 1985, General Cinema had engaged in illegal price fixing with Coke United in the Savannah area. Gas Pump later amended its complaint to add Karesh as a plaintiff and Coke United as a defendant. The district court found that neither plaintiff had the capacity to sue and therefore it granted summary judgment to General Cinema and Coke United.

On appeal, Gas Pump and Karesh claimed that the district court erred in concluding that Gas Pump lacked capacity to maintain the instant action. In considering the issue, this Court determined that the question of capacity was governed by Georgia law. Because no Georgia case directly addressed the issue of when an administratively dissolved corporation has the capacity to bring suit, we

certified the following question to the Supreme Court of Georgia:

> Whether a corporation that is administratively dissolved pursuant to § 14–2–1421 of the Official Code of Georgia Annotated has the capacity to bring a federal antitrust claim?

■ In answering the question, the Supreme Court of Georgia noted that § 14–2–1421 provides for the continuing existence of an administratively dissolved corporation and that § 14–2–1422 gives such a corporation two years to seek reinstatement. *See Gas Pump, Inc. v. General Cinema Beverages of N. Fla.*, 263 Ga. 583, 436 S.E.2d 207, 208–09 (1993). Once this two-year period has passed, the corporation's demise is complete—it may no longer initiate any activity, including the bringing of lawsuits. *Id.*[1] Since Gas Pump brought this antitrust action outside of the two-year period, the court held that it did not have the capacity to maintain the instant action. *Id.* 436 S.E.2d at 209. Thus, Gas Pump's claim was properly dismissed by the district court.

■ As to Karesh, the district court correctly held that he lacked standing to bring the antitrust claim because it was not the type of claim which devolves to shareholders upon dissolution of a corporation. *See Hutson v. Fulgham Indus., Inc.*, 869 F.2d 1457, 1461 (11th Cir.1989). On appeal, Karesh asserts that Gas Pump has the present ability to assign the claim to him. Once assigned, Karesh claims that he can prosecute the action. This argument is without merit. During the two-year wind-up period, Gas Pump did not assign the claim to Karesh. Because the two-year period has expired, Gas Pump may no longer initiate any activity, including assigning the claim to Karesh.

AFFIRMED.

## APPENDIX

Remittitur, Case No. S93Q0746

SUPREME COURT OF GEORGIA

---

1. Although Gas Pump was administratively dissolved prior to the enactment of the present statutory scheme, the court held that this was of no practical effect as former O.C.G.A. § 14–2–

293 also provided a two-year limitation period in which a dissolved corporation could bring an action.

ATLANTA

November 08, 1993

The Honorable Supreme Court met pursuant to adjournment. The following order was passed:

GAS PUMP, INC., ET AL. V. GENERAL CINEMA BEVERAGES OF NORTH FLORIDA, INC., ET AL.

This case came before this court upon a question certified by the United States Court of Appeals for the Eleventh Circuit and after consideration, it is ordered that the case be returned to that court with the instruction contained in the attached opinion, filed this day.

928041

SUPREME COURT OF THE
STATE OF GEORGIA

CLERK'S OFFICE, ATLANTA

December 08, 1993

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.

Witness my signature and the seal of said court affixed the day and year last above written.

/s/ Sherie M. Welch, Clerk.

Decided: Nov. 8, 1993.

S93Q0746. THE GAS PUMP, INC. et al. v. GENERAL CINEMA BEVERAGES OF NORTH FLORIDA, INC. et al.

BENHAM, Justice.

This case is before us on a certified question from the United States Court of Appeals for the Eleventh Circuit. The facts and procedural history of the case, as established in the opinion of the Eleventh Circuit[1] may be summarized as follows. Gas Pump is a Georgia corporation which operated a convenience store and gas station. That corporation was administratively dissolved in May 1988 for failure to comply with state filing and fee requirements. In March 1991, Gas Pump filed a federal antitrust action against General Cinema, alleging that General Cinema and another bottling company, from both of which Gas Pump purchased soft drinks between 1981 and 1984, had engaged in illegal price fixing. The suit was filed as a class action on behalf of all retailers who bought from the two companies and was amended to add Gas Pump's sole shareholder as a plaintiff and the other bottling company as a defendant. The district court granted summary judgment to the two defendants, ruling that neither plaintiff had the capacity to bring the suit. The Eleventh Circuit determined that the question of capacity was governed by state law and that no Georgia case has addressed directly the question of when an administratively-dissolved corporation has the capacity to bring suit. Accordingly, it certified to this court the following question:

Whether a corporation that is administratively dissolved pursuant to § 14–2–1421 of the Official Code of Georgia Annotated has the capacity to bring a federal antitrust claim?

As the Eleventh Circuit correctly noted, the question of an administratively-dissolved corporation's capacity to bring suit, or to take any other action, is controlled by statutes which have not yet been interpreted by this court. To the extent necessary to answer the question certified to us, we shall do so now.

1. The basic restriction on the activities of administratively-dissolved corporations is set out in OCGA § 14–2–1421(c):

A corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under Code Section 14–2–1405.

OCGA § 14–2–1405, which appears in the portion of the Georgia Business Corporation Code dealing with the voluntary dissolution of corporations, provides as follows:

A corporation that has filed a notice of intent to dissolve continues its corporate existence but may not carry on any business except that appropriate to wind up

---

1. *Gas Pump, Inc. v. General Cinema Beverages of*  N. Fla., Inc., 982 F.2d 478 (11th Cir.1993)

and liquidate its business and affairs, including:

(1) Collecting its assets;

(2) Disposing of its properties that will not be distributed in kind to its shareholders;

(3) Discharging or making provision for discharging its liabilities;

(4) Distributing its remaining property among its shareholders according to their interests; and

(5) Doing every other act necessary to wind up and liquidate its business and affairs.

An additional limitation is provided in OCGA § 14–2–1422(a), which provides an administratively-dissolved corporation a period of two years in which to seek reinstatement as a viable corporate entity.

2. The district court based its decision that Gas Pump lacks capacity to maintain an antitrust action primarily on an analysis of necessity, holding that maintenance of the action was not necessary for the winding up and liquidation of the business of this particular corporation. We agree with the implication of that analysis, that the question of capacity is one to be decided on a case by case basis, but find a more compelling reason to hold that the specific administratively-dissolved corporation involved here lacked capacity to bring the antitrust action: the expiration of the time in which an administratively-dissolved corporation continues its existence.

As set out above, § 14–2–1421 provides for the continuation of the existence of an administratively-dissolved corporation and § 14–2–1422 gives the administratively-dissolved corporation two years in which it may seek reinstatement. The expiration of the time for reinstatement puts a stamp of finality on the demise of the corporation—it can no longer be resuscitated. The unavoidable conclusion is that the corporation cannot, after the time its demise is deemed complete,

initiate any activity. To permit a suit to be initiated in the name of the dissolved corporation after that time would be to sanction a form of legal necromancy, reanimation of the empty husk of a dead corporate entity. We reject, therefore, Gas Pump's assertion that the legal existence of an administratively-dissolved corporation continues indefinitely and without practical limit on its ability to conduct any business which it asserts is necessary to winding up its affairs. Read together, §§ 14–2–1405, 14–2–1421, and 14–2–1422 provide a period of two years in which an administratively-dissolved corporation can initiate activities necessary to the winding up and liquidation of its affairs and business. If it is not reinstated during that period, it can take no further action.

Gas Pump asserts that because it was administratively dissolved prior to the enactment of the present statutory scheme, the time limits set out in the preceding paragraph do not apply to it. That argument is of no practical effect: although former OCGA § 14–2–283(e) provided for a 5–year reinstatement period, former OCGA § 14–2–293 provided a 2–year limitation period for the initiation of any action by the dissolved corporation. Thus, under either the present or former law, appellant would be barred from bringing the suit by the fact that it was not filed until more than two years had elapsed since the administrative dissolution.[2]

Because the limits which Georgia statutes place on the activities of administratively-dissolved corporations are based on fact-sensitive criteria, i.e., whether the particular act is "necessary" for the winding up of the corporation's business and, in the case of filing a lawsuit, whether the action is filed within the time that the corporation can still undertake necessary activities, the question posed by the Eleventh Circuit cannot be answered in an absolute fashion that will apply to every administratively-dissolved corporation. However, as to Gas Pump's capacity to maintain the federal antitrust action at

---

**2.** There being no indication in the record that Gas Pump has been reinstated or that it initiated reinstatement proceedings in the more than five years that have passed since it was administratively dissolved, we are not required in this case to decide how that would affect its ability to bring this action which accrued before its dissolution.

issue in this case, the answer must be in the negative: it does not have that capacity.

*Question answered.*

All the justices concur.

SUPREME COURT OF THE
STATE OF GEORGIA

CLERK'S OFFICE, ATLANTA

Dec. 8, 1993.

I hereby certify that the foregoing pages hereto attached contain a true and complete copy of the opinion of the Supreme Court of Georgia in the case therein stated, as appears from the original of file in this office.

Witness my signature and seal of the said Court hereto affixed the day and year above written.

/s/ Sherie M. Welch, Clerk