A95A0745. EXCLUSIVE PROPERTIES, INC. v. JONES et al.
(460 SE2d 562)

POPE, Presiding Judge.

On May 14, 1991, plaintiffs William A. Brown, Jr., and Exclusive Properties, Inc., (EPI) sued defendants Taylor W. Jones, Myles E. Eastwood and the law firm of Jones, Brown & Brennan for legal malpractice. Defendants answered the complaint denying liability. On January 9, 1992, while the lawsuit was still pending, the Georgia Secretary of State administratively dissolved EPI for failing to file its annual registration. See OCGA §§ 14-2-1420 and 14-2-1421. It is undisputed that EPI never sought reinstatement after its administrative dissolution. Defendants moved for partial summary judgment against both plaintiffs on June 30, 1994. The trial court granted partial summary judgment to defendants and in doing so dismissed all of EPI's claims. EPI appeals, and we affirm.[1]

1. "The basic restriction on the activities of administratively-dissolved corporations is set out in OCGA § 14-2-1421 (c)." *Gas Pump v. General Cinema Beverages &c.*, 263 Ga. 583 (436 SE2d 207) (1993). In pertinent part, that Code section provides that "a corporation administratively dissolved continues its corporate existence but may not carry on any business except that *necessary* to wind up and liquidate its business and affairs under Code Section 14-2-1405." (Emphasis supplied.) OCGA § 14-2-1405, which is found in the portion of the Georgia Business Corporation Code dealing with voluntary dissolution, provides that "[a] corporation that has filed a notice of intent to

---

[1] The trial court also granted summary judgment as to all but two of the claims William Brown asserted against defendants. Brown, however, does not join in this appeal.

dissolve continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs, including: (1) Collecting its assets; (2) Disposing of its properties that will not be distributed in kind to its shareholders; (3) Discharging or making provision for discharging its liabilities; (4) Distributing its remaining property among its shareholders according to their interests; and (5) Doing every other act *necessary* to wind up and liquidate its business and affairs." (Emphasis supplied.)[2] Based on the particular facts in this case, we hold that EPI's maintenance of the lawsuit against defendants is not a "necessary" part of winding up its business and affairs.

There is nothing in the record indicating that EPI has taken any steps toward winding up and liquidating its business and affairs as contemplated by OCGA §§ 14-2-1421 and 14-2-1405. Moreover, it is undisputed that EPI has never contended that the maintenance of its malpractice suit against defendants was necessary to wind up its business. Instead, it argues that it is entitled to maintain its lawsuit without any showing of necessity pursuant to OCGA § 14-2-1408 (b). We reject this argument. OCGA § 14-2-1408 (b) pertains to corporations which have filed voluntary dissolutions. Unlike OCGA § 14-2-1405, OCGA § 14-2-1408 is not referenced in any of the Code sections relating to administrative dissolution, nor is it mentioned in any of the comments to those Code sections. See OCGA §§ 14-2-1420 — 14-2-1423. Consequently, it is clear that the legislature never intended OCGA § 14-2-1408 (b) to be applicable to cases involving administrative dissolution. Therefore, absent any evidence that the lawsuit in question was necessary to wind up EPI's business affairs, we find that the trial court did not err in granting summary judgment to defendants with respect to all of EPI's claims.

2. We also find no merit to the assertion that the trial court erred in failing to allow EPI to substitute its shareholders as real parties in interest in this case. EPI's cause of action against defendants is not a corporate asset to which EPI's former shareholders became legally entitled upon EPI's administrative dissolution. See *Gas Pump v. General Cinema Beverages &c.*, 12 F3d 181 (11th Cir. 1994); *Hutson v. Fulgham Indus.*, 869 F2d 1457, 1461 (11th Cir. 1989). Additionally, EPI did not mention substituting its shareholders as real parties in interest until the very day of the hearing on defendants' motion for partial summary judgment. Consequently, we find no error in the trial

---

[2] Although the legislature recently extended the period in which an administratively dissolved corporation may seek reinstatement from two to five years, see OCGA § 14-2-1422 (a) (as amended 1995), the activities that an administratively dissolved corporation may carry on during the new five-year reinstatement period are still restricted to those that are necessary to wind up the corporation's business and affairs.

court's decision not to allow such a substitution.

3. Upon review, we find no merit in the remainder of EPI's arguments.

*Judgment affirmed. Ruffin, J., concurs. Beasley, C. J., concurs in judgment only.*

DECIDED JULY 13, 1995 —
RECONSIDERATIONS DENIED JULY 28, 1995 —

*Carl V. Kirsch*, for appellant.

*Freeman & Hawkins, H. Lane Young II, Thomas F. Wamsley, Jr., Thomas G. Tidwell*, for appellees.