CRAWLEY, Judge.
In June 1993, Paul Reitzammer filed an action against The Peoples Savings Bank, Clanton, Alabama (the “bank”), and several other defendants. Against the bank, Reitzammer sought damages for negligence and wantonness, and he sought damages for civil conspiracy against all the defendants. The bank filed a motion for summary judgment, which the trial court granted, as to all three counts. The trial court made its summary judgment for the bank final, pursuant to Rule 54(b), Ala.R.Civ.P. Reitzammer appealed. The Supreme Court transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P. Moreover, our supreme court has written:
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ ”
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994) (citations omitted).
In September 1992, Reitzammer invested funds into Southern Fabricators, Inc., for a business venture. An agent of the corporation agreed to repay Reitzammer his original investment plus a certain share of the profits from the venture. Southern Fabricators issued a check to Reitzammer on an account at the bank, and the bank returned the check to Reitzammer marked “Insufficient Funds.” Another check was issued to Reitzammer, which was also returned by the bank.
Reitzammer alleges that the bank negligently or wantonly dishonored the cheek. Reitzammer contends that the bank had knowledge of his interest in Southern Fabricators and, therefore, that the bank had a duty to honor the cheek. The bank contends that it had no duty to Reitzammer to honor a cheek written on an account with insufficient funds.
Alabama’s Uniform Commercial Code, at § 7-4-402, Ala.Code 1975, states that “[a] payor bank is hable to its customer for damages proximately caused by the wrongful dishonor of an item.” Our supreme court has held that the duty imposed on a bank by § 7-4-402 does not extend to the endorser of a check. Reynolds v. McEwen, 416 So.2d 702 (Ala.1982). Reitzammer is not *915 a customer of the bank, and, therefore, as to him the bank had no duty to honor the check.
Reitzammer also alleges that the bank engaged in a conspiracy with the other defendants to deprive him of his interest in the check. Our supreme court explained the elements of conspiracy as follows:
“ ‘(a) Purpose.... [W]hat is required is that the combiners should have acted in order that (not so that) the plaintiff should suffer damage. If they did not act in order that the plaintiff should suffer damage they are not liable, however selfish their attitude and however inevitable the plaintiffs damage may have been.
[[Image here]]
“ ‘(b) Combination. There must, of course, be concerted action between two or more persons....
“ ‘(c) Overt act causing damage....’”
Snyder v. Faget, 295 Ala. 197, 204, 326 So.2d 113, 119 (1976) (emphasis in Snyder) (quotation omitted). The conspiracy claim fails because the bank owes no duty to Reitzammer. Reitzammer suffered no damage because, as a matter of law, the bank did not wrongfully dishonor the cheek. Reynolds, supra. Therefore, the bank could not have acted with the other defendants “in order that” Reitzammer would be damaged. Snyder, 295 Ala. at 204, 326 So.2d at 119.
We conclude that the trial court properly entered the summary judgment for the bank on the claims that the bank wrongfully dishonored the check and conspired to deprive Reitzammer of his interest in the check. Therefore, we affirm the summary judgment.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.