ROBERTSON, Presiding Judge.
Kenneth E. White III appeals from a judgment of the Russell County Circuit Court dismissing his complaint for a declaratory judgment compelling disclosure of certain records maintained by Regions Bank (“Regions”) that he alleges concern the transactions of a dissolved Georgia corporation in which he once held shares. We affirm.
Proceeding pro se, White filed this action against Regions in December 1996. In his original complaint, White alleged that he had been a stockholder of an entity called “KEN-WIL Corporation” (“KEN-WIL”) since 1961; that KEN-WIL had maintained an account at a Regions branch bank in Phenix City; and that Regions had refused to release these records to White, despite his having made several requests for them. White sought a judgment enjoining Regions from destroying its records with respect to KEN-WIL and declaring that White is entitled to review, inspect, and photocopy those records. Regions filed an answer that incorporated a motion to dismiss and a counterclaim for an award of fees and costs pursuant to the Alabama Litigation Accountability Act, Ala. Code 1975, § 12-19-270 et seq. White's reply to the counterclaim alleged that the records were the subject of discovery in a trust accounting action pending in a Georgia court (“the Georgia trust accounting action”); White attached as exhibits copies of documents filed in the Georgia trust accounting action and a letter dated 1962 indicating that at that time a trust created for White’s benefit held 200 shares of KEN-WIL stock.
During the pendency of the action, White propounded to Regions numerous discovery requests seeking any and all documents and materials pertaining to KEN-WIL. With limited exceptions, Regions responded to those requests by lodging objections to production of the material before White’s right to review Regions records was determined, and it sought a protective order to that effect; White thereafter moved for sanctions, pursuant to Rule 37(c), Ala.R.Civ.P. The trial court, after a hearing, concluded that the “most orderly way to dispose of the motions in the case would be to determine the action which should be taken on [White’s] underlying Declaratory Judgment action”; opined that the issues presented could be determined as a matter of law; and stayed a ruling on all motions. White was directed to submit a brief within 30 days of the trial court’s order, following which Regions would have 15 days to file a response and White then would have 7 days to file a rebuttal brief.
Rather than filing a brief addressing his right to examine the Regions records, however, White filed several other papers in rapid succession: (1) an amendment to his complaint, accompanied by, among other things, an exhibit consisting of papers filed in a 1977 civil action in a Georgia court in which KEN-WIL was a party; (2) a motion for a stay pending responses by Regions to outstanding discovery in the Georgia trust accounting action; (3) a motion for an extension of time to file a brief on the merits; (4) motions to add Julia M. Holland and SunTrust Bank of *858 Southwest Georgia, N.A. (“SunTrust”), the trastees of White’s trust, as defendants; (5) an amended complaint naming Regions, Holland, and SunTrust as defendants; and (6) a motion to alter, amend, or vacate the trial court’s order so as to allow in camera inspection of the Regions records and to require the parties to address White’s rights, if any, as a trust beneficiary to examine the Regions records concerning KEN-WIL. Regions opposed the motion to stay the action, the motion to extend the briefing schedule, and the amendment to add new defendants, contending that White’s action duplicated his efforts to obtain discovery in the Georgia trust accounting action, and contending that the action should be dismissed.
On July 11, 1997, the trial court entered a judgment dismissing the action. In its judgment, the trial court noted that one of the exhibits to White’s complaint as amended indicated that KEN-WIL had been dissolved in 1976 and that all property held by the corporation at that time had been distributed in exchange for outstanding stock, including White’s 166 shares held in trust. Based on this exhibit, the trial court concluded that the issues in the case were moot and that White had no standing as a stockholder to examine Regions records concerning KEN-WIL.
White filed a post-judgment motion, claiming, for the first time, that Regions had agreed to produce the records to him if neither Holland nor SunTrust objected in the Georgia trust accounting action. White also attached a certification from the Georgia secretary of state indicating that KEN-WIL had been administratively dissolved in 1988 for failure to file its annual registration, rather than in 1976 as the trial court’s judgment stated. The trial court subsequently denied this motion, and White appealed the trial court’s judgment[1] to the Alabama Supreme Court; that court transferred his appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6). Neither Holland nor SunTrust has been named as an appellee, and neither is a party to White’s appeal.
White raises several issues; however, we find dispositive the underlying issue concerning whether White has an enforceable right to examine Regions records pertaining to KEN-WIL’s account activity.
As a preliminary matter, we note that the records of depositors at banks such as Regions are not open to general inspection. It is now well settled that “absent compulsion by law, a bank may not make any disclosures concerning a depositor’s account without the express or implied consent of the depositor.” Suburban Trust Co. v. Waller, 44 Md.App. 335, 343, 408 A.2d 758, 764 (1979). “It is implicit in the contract of the bank with its customer or depositor that no information may be disclosed by the bank or its employees concerning the customer’s or depositor’s account, and that, unless authorized by law or by the customer or depositor, the bank must be held liable for breach of the implied contract.” Peterson v. Idaho First Nat’l Bank, 83 Idaho 578, 588, 367 P.2d 284, 290 (1961). This principle is reflected in Ala. Code 1975, § 5-5A-43, which sets forth certain limited circumstances under which a bank may disclose financial records of its customers, and in the commentary to that statute, which states that “[cjustomer records should be disclosed only upon subpoena or court order.”
According to White’s filings, he held stock at one time in KEN-WIL before its dissolution, either directly (as alleged in his original complaint) or as a trust beneficiary (as alleged in his amended complaints and in his later motions). However, he does not allege that he held stock in Regions, or that Regions was his trustee. Thus, White’s relationship to Regions is, at most, that of a shareholder in a customer of Regions; he does not, by virtue of that status, possess the customer’s rights. E.g., Thrash v. Georgia State Bank of Rome, 189 Ga.App. 21, 23-24, *859 375 S.E.2d 112, 114 (1988) (president/minority shareholder of depositor corporation was not “customer” of bank entitled to maintain wrongful dishonor action pursuant to § 4-402 of the Uniform Commercial Code); Reitzammer v. Peoples Sav. Bank, 669 So.2d 913, 914-15 (Ala.Civ.App.1995) (bank where corporation had account held not liable to investor in corporation for wrongful dishonor under § 4-402; investor was “not a customer of the bank”). We thus conclude that White’s status as a former shareholder of KEN-WIL does not impose a duty on the part of Regions to disclose its records pertaining to KEN-WIL.
However, during the pendency of this case in the trial court, White filed authorizations for the release of Regions records concerning KEN-WIL; these were executed by (1) KEN-WIL’s former president, who White alleges held 50.2 percent of KEN-WIL’s stock; and (2) White’s father and two brothers, who, White says, together with White held a beneficial interest in the remainder of KEN-WIL’s stock. White claims that these authorizations entitle him to disclosure of the Regions records. We must therefore determine whether the former shareholders of a Georgia corporation that has been dissolved since at least 1988 may authorize the disclosure of Regions records concerning the corporation. This inquiry is governed by the laws of Georgia, the state of KEN-WIL’s incorporation. See, e.g., Maya Corp. v. Smith, 240 Ala. 371, 380, 199 So. 549, 557 (1940) (rights of shareholders of corporation are controlled by the law of the state of its incorporation).
According to the exhibits accompanying White’s post-judgment motion, KEN-WIL was administratively dissolved in 1988. At that time, Georgia law provided for a two-year period during which a corporation that had been administratively dissolved could wind up its affairs. See Ga.Code Ann. § 14-2-1422(a) (1994).[2] Under Georgia law, a corporation that has been administratively dissolved cannot carry on any business not necessary to wind up and liquidate its affairs (such as collecting and distributing assets and discharging liabilities) during the windup period. See Ga.Code Ann. §§ 14-2-1421(c), 14-2-1405. “Read together, §§ 14-2-1405, 14-2-1421, and 14-2-1422 provide a period of two years in which an administratively-dissolved corporation can initiate activities necessary to the winding up and liquidation of its affairs and business. If it is not reinstated during that period, it can take no further action." Gas Pump, Inc. v. General Cinema Beverages of N. Florida, Inc., 263 Ga. 583, 584-85, 436 S.E.2d 207, 208-09 (1993) (emphasis added; holding that corporation lacked power to initiate antitrust action after expiration of wind-up period).
It is undisputed that White did not, until 1997, obtain express authorizations from all of KEN-WIL’s shareholders to review the Regions records pertaining to KEN-WIL; this was over eight years after the corporation had been dissolved. By that time, KEN-WIL’s authority to act had been totally extinguished, as a matter of Georgia corporate law. See Gas Pump, supra, 263 Ga. at 585, 436 S.E.2d at 209. Thus, as a matter of law, KEN-WIL, after its dissolution in 1988, had only the power to wind up its affairs, and it completely ceased to exist no later than 1990. After 1990, therefore, KEN-WIL lacked the power to take any action whatever, including examining or authorizing the examination of Regions records concerning it.
In addition, the expiration of the wind-up period extinguished any individual property rights KEN-WIL’s shareholders may have claimed in KEN-WIL’s right to examine the Regions records pertaining to it. See Hutson v. Fulgham Indus., Inc., 869 F.2d 1457, 1461 (11th Cir.1989) (“the classes of assets that courts have held devolve to shareholders upon dissolution are primarily interests in tangible real and personal property and corporate claims asserted within the wind-up period”) (emphasis added); Exclusive Properties, Inc. v. Jones, 218 Ga.App. 229, 230, 460 S.E.2d 562, 563 (1995) (citing Hutson with approval; holding corporation’s legal malpractice cause of action did not devolve to shareholders), cert, vacated (Ga. *860 1996). KEN-WIL’s right as a customer of Regions “to inspect the books of the bank on all proper and reasonable occasions” (Harris v. Neuman, 179 Ga. 879, 884, 177 S.E. 698, 701 (1934)) falls outside these categories; it is not tangible real or personal property capable of distribution to shareholders, nor is it a corporate claim first asserted within the wind-up period. Thus, it could not have devolved to White and the other shareholders of KEN-WIL after its dissolution.
Based upon these authorities, we conclude that White had no legal right to examine the records of Regions pertaining to KEN-WIL. While the trial court’s dismissal was based on a different rationale, that court correctly concluded that White was not entitled to a judgment declaring that he could examine Regions records concerning KEN-WIL. “[A]n appellate court will not presume error and will affirm the judgment appealed from if [it is] supported on any valid legal grounds.” Walnut Equip. Leasing Co. v. Graham, 532 So.2d 655, 655 (Ala.Civ.App.1988) (citing Tucker v. Nichols, 431 So.2d 1263 (Ala.1983)). Moreover, it follows from our conclusion concerning White’s failure to demonstrate a legal right to relief that all of the procedural errors White claims on the part of the trial court would amount to merely harmless error, assuming that they were error.[3] Rule 45, Ala.RApp.P. We affirm the judgment of the trial court.
The motion of Regions Bank for damages and costs pursuant to Rule 38, Ala.RApp.P., is denied.
AFFIRMED.
YATES and CRAWLEY, JJ., concur.
MONROE and THOMPSON, JJ., concur in the result.

. The trial court’s judgment did not adjudicate the counterclaim based on the Litigation Accountability Act; however, because Regions did not have the trial court rule on whether to grant relief under the Act when it entered a final judgment, or, alternatively, to reserve jurisdiction as to this matter, we conclude that the trial court no longer has jurisdiction with respect to that counterclaim and that the dismissal constitutes a final judgment. See Donnell Trucking Co. v. Shows, 659 So.2d 667, 669 (Ala.Civ.App.1995).

. This period has since been extended to five years. Ga.Code Ann. § 14-2-1422(a) (Supp. 1997).

. These claimed errors include: (1) an alleged erroneous "finding of fact” in a motion hearing; (2) deferral of discovery until the court had resolved White’s substantive rights; (3) failing to allow a jury to consider his claim of spoliation of evidence; (4) allegedly failing to consider White's status as a beneficiaty of a trust administered by Holland and SunTrust; (5) allegedly failing to enforce an agreement by Regions to "respond” to White’s discovery requests in the Georgia trust accounting action; (6) failure to allow White an extension of time to file his brief in the trial court; and (7) failure to "comply" with the releases executed by the former shareholders of KEN-WIL.