# IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **BLAYLOCK & BROWN CONSTRUCTION COMPANY, INC. d/b/a THE FRANK ROAD LANDFILL**, | ) ) ) ) | Shelby County Chancery Court No. 98-0120-2 |
| Plaintiff/Appellee, | ) ) | |
| VS. | ) ) | C.A. No. W1998-00596-COA-R3-CV |
| **THE COLLIERVILLE BOARD OF , MAYOR AND ALDERMEN SITTING IN PLACE OF THE MEMPHIS AND SHELBY COUNTY AIR POLLUTION CONTROL BOARD and HALLE PLANTATION HOMEOWNERS ASSOCIATION OF COLLIERVILLE, INC.,** | ) ) ) ) ) ) ) ) ) | |
| Defendants/Appellants. | ) ) | |

**FILED**

**December 27, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

_____

From the Chancery Court of Shelby County at Memphis
**Honorable Floyd Peete, Chancellor**

**C. Thomas Cates**,
**Wendy C. Feild**,
BURCH, PORTER & JOHNSON, PLLC, Memphis, Tennessee
Attorneys for Defendant/Appellant The Collierville Board of Mayor and Aldermen

**Mimi Phillips**,
PHILLIPS, HOWARD & GRUBB, Memphis, Tennessee
Attorney for Defendant/Appellant Halle Plantation Homeowners Association for Collierville, Inc.

**John Farris**,
**Dean White**,
FARRIS, MATHEWS, BRANAN & HELLEN P.L.C., Memphis, Tennessee
Attorneys for Plaintiff/Appellee.

OPINION FILED:

**REVERSED AND REMANDED**

**FARMER, J.**

**CRAWFORD, P.J., W.S.**: (Concurs)
**HIGHERS, J.**: (Concurs)

Respondents Collierville Board of Mayor and Aldermen and Halle Plantation Homeowners Association of Collierville, Inc., appeal the trial court's judgment granting the petition for writ of *certiorari* filed by Appellee Blaylock & Brown Construction Company, Inc., and reinstating the decision of the Memphis and Shelby County Health Department to issue a construction permit allowing Blaylock & Brown to operate an air curtain incinerator at its Frank Road Landfill in the Town of Collierville. We reverse the trial court's judgment based upon our conclusion that the court erred in ruling that the Collierville Board of Mayor and Aldermen lacked the authority to review the Health Department's issuance of the permit.

Blaylock & Brown operates the Frank Road Landfill within the municipal limits of the Town of Collierville. In September 1997, the Memphis and Shelby County Health Department issued a construction permit allowing Blaylock & Brown to operate an air curtain incinerator at the Frank Road Landfill.

The Frank Road Landfill adjoins several residential neighborhoods, including a neighborhood known as Halle Plantation. In October 1997, an organization identifying itself as the Halle Plantation Homeowners Association, Inc., appealed the Health Department's issuance of the construction permit to the Collierville Board of Mayor and Aldermen. After conducting a hearing on the Homeowners Association's appeal, the Board of Mayor and Aldermen reversed the Health Department's decision to issue the permit.

Blaylock & Brown timely filed a petition for writ of *certiorari* in the trial court. In support of its petition, Blaylock & Brown asserted, *inter alia*, the following grounds: (1) that the Collierville Board of Mayor and Aldermen lacked the authority to hear an appeal of the Health Department's decision and, alternatively, (2) that the Homeowners Association could not pursue an appeal of the Health Department's decision because the Association's corporate status was revoked in October 1990 by the Secretary of State. Blaylock & Brown later filed a motion for summary judgment based upon both of these grounds.

At the hearing on the motion for summary judgment, the trial court considered the parties' arguments made in open court and their legal memoranda submitted in support of and

opposition to the motion. As reflected in the trial court's subsequent judgment, the court apparently also considered several documents presented by the parties, including (1) the Homeowners Association's October 1997 letter of appeal to the Collierville Board of Mayor and Aldermen; (2) Secretary of State records reflecting that the Homeowners Association's corporate status was administratively dissolved in October 1990; (3) the Homeowners Association's November 1997 application for reinstatement of its corporate status; (4) the Secretary of State's November 1997 reinstatement of the Homeowners Association's corporate status; and (5) the Certificate of Exemption granted by the Tennessee Air Pollution Control Board to Shelby County, Tennessee, and several municipalities, including the cities of Memphis, Germantown, and Millington and the Town of Collierville, which exempted these entities from the provisions of the Tennessee Air Quality Act.[1] The trial court found both of Blaylock & Brown's arguments to be well-taken and, in separate judgments, granted Blaylock & Brown's motion for summary judgment against both Respondents and reinstated the Health Department's issuance of the construction permit.

On appeal, the Collierville Board of Mayor and Aldermen contends that, contrary to the trial court's ruling, the Board of Mayor and Aldermen possessed the authority to hear the Homeowners Association's appeal of the Health Department's decision to issue the construction permit. The Homeowners Association also has appealed, contending that the trial court erred in ruling that it could not pursue an appeal of the Health Department's decision due to the Association's loss of its corporate status.

The General Assembly enacted the Tennessee Air Quality Act in 1967. *See* 1967 Tenn. Pub. Acts. 367. The Act's purpose and intent is "to maintain purity of the air resources of the state consistent with the protection of normal health, general welfare and physical property of the people, maximum employment and the full industrial development of the state." T.C.A. § 68-201-103 (1996).

The legislature has granted the Tennessee Department of Environment and Conservation and the Tennessee Air Pollution Control Board the authority to administer and enforce

---

[1]T.C.A. §§ 68-201-101 to -203 (1996).

the provisions of the Tennessee Air Quality Act. T.C.A. § 68-201-105 (1996). Specifically, the legislature has granted the Tennessee Air Pollution Control Board the authority to "issue rules and regulations defining ambient air quality standards, emission standards, general policies or plans and a system of permits together with a schedule of fees for review of air plans and specifications, issuance or renewal of permits or inspection of air contaminant sources." *Adams v. State ex rel. Chattanooga Coke & Chems.*, 514 S.W.2d 424, 425 (Tenn. 1974); *see also* T.C.A. § 68-201-105(a) (1996). In addition to these powers, the Tennessee Air Pollution Control Board has the authority to hear appeals of decisions or actions of the state Board's technical secretary. T.C.A. § 68-201–108(a) (1996).

Any municipality or county in the state may be exempted from the requirements of the Tennessee Air Quality Act if the local governmental entity (1) enacts air pollution control regulations not less stringent than the standards adopted for the state pursuant to the Act and (2) applies for and receives a certificate of exemption from the Tennessee Air Pollution Control Board. T.C.A. §§ 68-201-115(a), (b) (1996). The Tennessee Air Pollution Control Board may grant a certificate of exemption in whole or in part, and it may make a certificate of exemption conditional or provisional. T.C.A. § 68-201-115(b)(4) (1996). When the Tennessee Air Pollution Control Board grants a certificate of exemption, "the exemption is to be strictly construed as limited to the language of the exemption," and "[n]o power or authority which is not expressly stated in the certificate of exemption may be implied." T.C.A. § 68-201-115(b)(6) (1996).

The record in the present case shows that Shelby County and several municipalities, including the cities of Memphis, Germantown, and Millington and the Town of Collierville, applied for and received an exemption from the requirements of the Tennessee Air Quality Act. The application submitted by the Memphis and Shelby County Health Department indicated that the Health Department would be responsible for administering the local air pollution control program for Shelby County and the included municipalities. As pertinent to the present case, the application indicated that, with one exception, the Town of Collierville had adopted by ordinance the Shelby County Air Pollution Control Code. The exception was that, instead of authorizing the Memphis and Shelby County Air Pollution Control Board to hear appeals from the Health Department's decisions, rulings, or determinations under the Code, the Town's version of the Code authorized the

Collierville Board of Mayor and Aldermen to hear such appeals.

The Tennessee Air Pollution Control Board granted the application and issued a certificate of exemption to Shelby County and the included municipalities in June 1996. In the certificate of exemption, the Tennessee Air Pollution Control Board granted the Memphis and Shelby County Health Department the authority and power to administer and enforce the provisions of the Shelby County Air Pollution Control Code. The Health Department's powers included, *inter alia*, granting construction and operating permits, holding hearings, and issuing such orders and determinations as may be necessary. Although the certificate of exemption granted the Health Department these and other enforcement powers, the certificate did not address the appeals process, nor did it mention the Memphis and Shelby County Air Pollution Control Board or the Collierville Board of Mayor and Aldermen.

On appeal, the Collierville Board of Mayor and Aldermen contends that, when the Tennessee Air Pollution Control Board granted the Health Department's application and issued the certificate of exemption, the state Board thereby authorized the Collierville Board of Mayor and Aldermen to hear appeals of the Health Department's decisions affecting sources within the municipal limits of the Town of Collierville. We agree. The Health Department's application for exemption specified that the Collierville Board of Mayor and Aldermen would hear appeals of the Health Department's decisions for sources in that jurisdiction and that the Memphis and Shelby County Air Pollution Control Board would hear appeals of decisions affecting Shelby County and the other municipalities. In issuing the certificate of exemption, the Tennessee Air Pollution Control Board apparently granted the Health Department's application in whole. While the Tennessee Air Pollution Control Board listed the Health Department's various powers to enforce the local air pollution control program, significantly, the state Board did not in any way make the certificate of exemption conditional or provisional as it could have done under the Tennessee Air Quality Act. T.C.A. § 68-201-115(b)(4) (1996).

In urging this court to affirm the trial court's decision, Blaylock & Brown contends that the Collierville Board of Mayor and Aldermen lacked the authority to hear the Homeowners Association's appeal because the certificate did not expressly authorize the Town Board to hear such

appeals. Citing the Tennessee Air Quality Act, Blaylock & Brown points out that the language of the certificate of exemption must be strictly construed, and that no power or authority may be implied unless it is expressly stated in the certificate. T.C.A. § 68-201-115(b)(6) (1996).

In our view, when the Tennessee Air Pollution Control Board issued the certificate of exemption to Shelby County, the Town of Collierville, and the other included municipalities, the state Board necessarily exempted these municipalities not only from the requirements of the Tennessee Air Quality Act's air pollution control standards, but also from the Act's appeal provisions. Any other construction of the certificate of exemption would deprive the parties of their right to an administrative appeal of the Health Department's decision. If Blaylock & Brown's argument is accepted, neither the Collierville Board of Mayor and Aldermen nor the Memphis and Shelby County Air Pollution Control Board would have the authority to hear appeals of the Health Department's decisions because neither entity is mentioned in the certificate of exemption. The Tennessee Air Pollution Control Board also would not have the authority to hear appeals of the Health Department's decisions because, while the Tennessee Air Quality Act authorizes the state Board to hear appeals of decisions or actions of the state Board's technical secretary, the Act does not authorize the state Board to hear appeals of the decisions of municipalities that have been exempted from the Act's requirements. T.C.A. § 68-201–108(a) (1996).

In the certificate of exemption, the Tennessee Air Pollution Control Board specifically empowered the Health Department to, *inter alia*, grant construction and operating permits, hold hearings, and issue orders and determinations as may be necessary. These powers encompass the decision challenged here – the decision to issue a construction permit allowing Blaylock & Brown to operate an air curtain incinerator. We believe that, in granting these powers to the Health Department, the Tennessee Air Pollution Control Board also delegated to local authorities the power to hear appeals of the Health Department's decisions. This power was specifically set forth in the Health Department's application for exemption, and the application was granted in whole, without condition, by the Tennessee Air Pollution Control Board. Moreover, this construction does not enlarge the powers granted in the certificate of exemption. Rather, it merely acknowledges the existence of an additional step in the permitting process, the right to appeal the Health Department's decision to the Memphis and Shelby County Air Pollution Control Board or, if applicable, the

Collierville Board of Mayor and Aldermen.

Blaylock & Brown complains that the composition of the Collierville Board of Mayor and Aldermen does not meet the requirements of the Tennessee Air Quality Act. Blaylock & Brown points out that the Tennessee Air Pollution Control Board, which hears administrative appeals of the Board's technical secretary, must consist of persons engaged in specified professions, including a registered professional engineer, a physician, a person engaged in a field directly related to agriculture or conservation, a manager of a private manufacturing concern, a county executive or chief executive officer, a person engaged in municipal government, two persons from industry having technical training and experience in air pollution abatement, an educator, a small generator of air pollution, and others. *See* T.C.A. § 68-201-104(b)(1) (1996). In contrast, the Collierville Board of Mayor and Aldermen apparently consists of elected officials who may or may not be engaged in any of the listed professions and who may or may not possess any expertise in the area of air pollution abatement. The Memphis and Shelby County Air Pollution Control Board consists of seven members to be appointed jointly by the mayors of the City of Memphis and Shelby County, including a professional engineer knowledgeable in the field of air pollution control, a physician, an attorney, an industry representative, and three other citizens. *See* Shelby County Air Pollution Control Code § 3-35 (1995). Blaylock & Brown concedes that the composition of the Memphis and Shelby County Air Pollution Control Board represents at least an effort to comply with the requirements of the Tennessee Air Quality Act, but it insists that the statutory requirements are not met by the appointment of a legislative body, such as the Collierville Board of Mayor and Aldermen, to hear appeals of the Health Department's decisions.

As we previously indicated, the Tennessee Department of Environment and Conservation and the Tennessee Air Pollution Control Board have been granted the authority to administer and enforce the provisions of the Tennessee Air Quality Act. T.C.A. § 68-201-105 (1996). As an administrative agency, the Tennessee Air Pollution Control Board has the discretion, within legal and reasonable bounds, to determine the methods for administering and enforcing the Tennessee Air Quality Act. ***See McConnell v. Tennessee Water Quality Control Bd.***, 1988 WL 54982, at *4 (Tenn. Ct. App. June 2, 1988) (***no perm. app. filed***). Pursuant to this grant of authority, the Tennessee Air Pollution Control Board has the power to exempt any municipality or county in

the state from the requirements of the Tennessee Air Quality Act if the state Board determines that the local governmental entity has enacted air pollution control regulations not less stringent than the standards adopted for the state pursuant to the Act and if the state Board determines that such enactments will be adequately enforced. T.C.A. § 68-201-115(b)(3) (1996). The "less stringent" requirement, however, pertains to the Tennessee Air Quality Act's standards and not to the Act's enforcement methods. *General Portland, Inc. v. Chattanooga-Hamilton County Air Pollution Control Bd.*, 560 S.W.2d 910, 914 (Tenn. Ct. App. 1976).

We reject Blaylock & Brown's contention that the composition of the local board hearing appeals of the Health Department's decisions should follow the requirements of the Tennessee Air Quality Act because, by their terms, the cited statutory requirements govern only the composition of the Tennessee Air Pollution Control Board. The Tennessee Air Quality Act does not purport to establish the composition of any local governmental boards that may be established to hear appeals when a municipality or county is exempted from the Act's requirements. Moreover, the Tennessee Air Quality Act does not require the Tennessee Air Pollution Control Board, in granting a certificate of exemption to a county or municipality, to ensure that the local board's composition meets the requirements of the Act. The state Board merely is required to determine that the local governmental entity has enacted air pollution control regulations not less stringent than the Act's standards and that the entity will adequately enforce its enactments. Inasmuch as the "less stringent" requirement pertains to the Act's standards and not to the Act's enforcement methods, we do not agree that the Tennessee Air Quality Act establishes minimum requirements for the local board's composition.

The Tennessee Air Pollution Control Board, in its discretion, apparently determined that the Town of Collierville had enacted air pollution control regulations not less stringent than the standards under the Tennessee Air Quality Act and that the Town had adequately provided for enforcement of these regulations by the Memphis and Shelby County Health Department and the Collierville Board of Mayor and Aldermen. Although the Tennessee Air Pollution Control Board could have objected to the composition of the local board which would hear appeals in the Town of Collierville, the state Board did not make such an objection, and it approved the exemption for the Town without making the exemption conditional or provisional. Under these circumstances, we

decline to second-guess the decision of the Tennessee Air Pollution Control Board to grant an exemption which would permit the Collierville Board of Mayor and Aldermen to hear appeals of Health Department decisions affecting the Town of Collierville. Accordingly, we conclude that the trial court erred in granting summary judgment to Blaylock & Brown on the ground that the Collierville Board of Mayor and Aldermen lacked authority to hear the appeal of the Health Department's decision.

We also conclude that the trial court erred in ruling that the Homeowners Association could not pursue its appeal to the Collierville Board of Mayor and Aldermen due to the loss of the Association's corporate status. Blaylock & Brown does not dispute that, consistent with the Tennessee Air Quality Act and the related rules and regulations of the Tennessee Department of Environment and Conservation, the Shelby County Air Pollution Control Code defines a "person" who may appeal a permitting decision as "any individual, partnership, copartnership, firm, company, corporation, *association*, joint stock company, trust, estate, political subdivision, an agency, authority, Commission, or Department of the United States Government, or of the State of Tennessee Government; or any other legal entity or their legal representative, agent, or assigns." Shelby County Air Pollution Control Code § 3-1A (1995) (emphasis added); *see also* T.C.A. § 68-201-102(7) (1996); Tenn. Comp. R. & Regs. 1200-3-2-.01(1)(ll) (as revised in 1993). Although the Code does not define "association," that term generally has been defined as

> [t]he act of a number of persons in uniting together for some special purpose or business. . . . [A] term of vague meaning used to indicate a collection or organization of persons who have joined together for a certain or common object. . . .

> An unincorporated society; a body of persons united and acting together without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.

***Black's Law Dictionary*** 111 (5th ed. 1979). We conclude that, even if the Homeowners Association lost its corporate status due to an administrative revocation or dissolution, by definition, the Association still qualified as an "association" entitled to appeal the Health Department's decision.

On appeal, Blaylock & Brown concedes that the Homeowners Association could have pursued its appeal as an association. Nevertheless, Blaylock & Brown insists that the Homeowners Association was not entitled to pursue its appeal to the Collierville Board of Mayor and Aldermen because the Homeowners Association erroneously identified itself as a corporation in its letter of appeal. We believe that this argument elevates form over substance. Regardless of its status as a corporation or an association, the Homeowners Association fell within the list of persons entitled to appeal the Health Department's decision.

In any event, the reinstatement of the Homeowners Association's corporate status effectively restored its capacity to pursue its appeal before the Collierville Board of Mayor and Aldermen. Both the Tennessee Business Corporation Act and the Tennessee Nonprofit Corporation Act provide that, when a corporation is reinstated following an administrative dissolution, the reinstatement "relates back to and takes effect as of the effective date of the administrative dissolution, and the corporation resumes carrying on its [business or activities] as if the administrative dissolution had never occurred." T.C.A. §§ 48-24-203(c), 48-64-203(c) (1995 & Supp. 1999).

In ***Grand Valley Lakes Property Owners Association, Inc. v. Cary***, 897 S.W.2d 262, 268 (Tenn. Ct. App. 1994), the defendant contended that a property owners association lacked legal capacity to bring its suit because the association's corporate charter was revoked by the state in March 1985. The property owners association filed the lawsuit in May 1987, more than two years after its corporate charter had been revoked. The association's corporate charter was not reinstated until thirteen days after it filed the suit.

On appeal, this court rejected the defendant's contention and held that the property owners association possessed the legal capacity to bring its suit. We reasoned that

> the sole purpose of . . . the statute authorizing revocation and reinstatement of a corporate charter is to raise revenue for the state. *Kerney v. Cobb*, 658 S.W.2d 128, 131 (Tenn. App. 1983). The statute does not stand for the proposition that once a corporation's charter is revoked that corporation no longer exists and therefore any acts by the "corporation" are invalid. This is evident by the fact that reinstatement of the charter validates the corporation's existence and privileges from the date of revocation. *Id*.

*Grand Valley Lakes Property Owners Ass'n, Inc. v. Cary*, 897 S.W.2d 262, 269 (Tenn. Ct. App. 1994) (quoting *Loveday v. Cate*, 854 S.W.2d 877, 880 (Tenn. Ct. App. 1992)).

In the present case, the evidence was undisputed that the Homeowners Association's corporate status was administratively dissolved in October 1990 because the Association failed to file its annual report,[2] that the Homeowners Association filed its appeal of the Health Department's decision in October 1997, and that the Homeowners Association's corporate status was reinstated in November 1997. Inasmuch as the reinstatement of the Homeowners Association's corporate status validated the Association's corporate existence and privileges from the 1990 revocation date, we conclude that the Homeowners Association possessed the legal capacity to pursue its appeal. Accordingly, we hold that the trial court also erred when it granted summary judgment to Blaylock & Brown on this basis.

In addition to the foregoing issues, Blaylock & Brown argued in its petition for writ of *certiorari* that the decision of the Collierville Board of Mayor and Aldermen should be reversed because the Town Board's decision was arbitrary and capricious and was not supported by material and substantial evidence. The trial court did not reach this issue because the court ruled that the Town Board lacked the authority to review the Health Department's decision and, further, that the Homeowners Association was not entitled to pursue an appeal of the Health Department's decision. Having concluded that both of these rulings were in error, we reverse the trial court's judgment and

---

[2]*See* T.C.A. §§ 48-24-201(1), 48-64-201(1) (1995) (authorizing Secretary of State to administratively dissolve corporations which fail to file annual reports). In the language quoted from *Loveday v. Cate*, 854 S.W.2d 877, 880 (Tenn. Ct. App. 1992), this court referred to section 67-4-917 of Tennessee's revenue code, which authorized the Secretary of State to revoke the charter of any corporation that failed to pay state taxes. *See* T.C.A. § 67-4-917 (1998). The current version of the statute is codified at Tennessee Code Annotated section 67-4-2116 (Supp. 1999). We believe that the principle set forth in *Loveday v. Cate* applies regardless of whether a corporation is administratively dissolved due to its failure to pay taxes or due to its failure to file an annual report.

remand this cause for the court to consider the merits of Blaylock & Brown's petition.

The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed to Blaylock & Brown, for which execution may issue if necessary.

_____
FARMER, J.


_____
CRAWFORD, P.J., W.S.


_____
HIGHERS, J.