A03A2125. DEERE & COMPANY et al. v. JPS DEVELOPMENT, INC.
(592 SE2d 175)

ANDREWS, Presiding Judge.

We granted Deere & Company's application for interlocutory appeal after the trial court denied its motion to dismiss JPS Development, Inc.'s suit for breach of warranty and negligent misrepresentation. The sole issue below and on appeal is whether a corporation that had been dissolved for more than two years could file a renewal action under OCGA § 9-2-61. Because the trial court incorrectly concluded that it could, we reverse.

JPS bought two John Deere tractors from Deere & Company in 1998. In March 2000, the JPS corporation was dissolved. In February 2001, JPS filed suit for breach of implied warranty against Deere in connection with the two tractors. JPS voluntarily dismissed the suit in February 2002. On July 31, 2002, over two years after the corporation was dissolved, JPS filed a renewal action of the suit against Deere. Deere moved to dismiss, claiming that JPS could not file a renewal action because the two-year winding-up period had run and the corporation had no legal existence.

OCGA § 14-2-1410 provides:

The dissolution of a corporation in any manner, except by a decree of the superior court when the court has supervised the liquidation of the assets and business of the corporation as provided in Code Sections 14-2-1430 through 14-2-1433, shall not take away or impair any remedy available to such corporation, its directors, officers, or shareholders for any right or claim existing prior to such dissolution if action or other proceeding thereon is pending on the date of such dissolution or is commenced within two years after the date of such dissolution. Any such action or proceeding by the corporation may be prosecuted by the corporation in its corporate

name. The shareholders, directors, and officers shall have power to take such corporate or other action as shall be appropriate to protect such remedy, right, or claim.

JPS argued below and on appeal that OCGA § 14-2-1410 was not a statute of repose but rather a statute of limitation and therefore its claim was not time-barred.

This case is controlled by *Gas Pump, Inc. v. Gen. Cinema &c.*, 263 Ga. 583 (436 SE2d 207) (1993). In that case, the Supreme Court of Georgia answered the following certified question from the Court of Appeals for the Eleventh Circuit: "Whether a corporation that is administratively dissolved pursuant to § 14-2-1421 of the Official Code of Georgia Annotated has the capacity to bring a federal antitrust claim?" Id. at 583. The Court held that the corporation lacked capacity to bring the antitrust action because of "the expiration of the time in which an administratively-dissolved corporation continues its existence." Id. at 584. The Court stated:

[OCGA] § 14-2-1421 provides for the continuation of the existence of an administratively-dissolved corporation and § 14-2-1422 gives the administratively-dissolved corporation two years in which it may seek reinstatement. The expiration of the time for reinstatement puts a stamp of finality on the demise of the corporation — it can no longer be resuscitated. The unavoidable conclusion is that the corporation cannot, after the time its demise is deemed complete, initiate any activity. To permit a suit to be initiated in the name of the dissolved corporation after that time would be to sanction a form of legal necromancy, reanimation of the empty husk of a dead corporate entity. We reject, therefore, Gas Pump's assertion that the legal existence of an administratively-dissolved corporation continues indefinitely and without practical limit on its ability to conduct any business which it asserts is necessary to winding up its affairs. Read together, §§ 14-2-1405, 14-2-1421, and 14-2-1422 provide a period of two years in which an administratively-dissolved corporation can initiate activities necessary to the winding up and liquidation of its affairs and business. If it is not reinstated during that period, it can take no further action.

Id. at 584-585.

In the instant case, we see no reason to reach a different result because the claim is filed under the renewal statute. At common law, a dissolved corporation ceased to exist, and therefore could neither sue nor be sued after the date of dissolution. 16A Fletcher Cyclopedia

of the Law of Private Corporations, § 8142 (perm. ed. rev. vol. 1988). Statutes such as OCGA § 14-2-1410 were enacted to enable corporations to conduct the orderly winding-up of their affairs. These statutes are not statutes of limitation[1] but rather are referred to as survival statutes. See, e.g., *Savannah Laundry &c. Co. v. Owenby*, 186 Ga. App. 130, 131 (366 SE2d 787) (1988); 19 AmJur2d, Corporations, § 2897 (1986). While a statute of limitation relates only to the remedy and acts to bar the remedy after a certain period of time, a survival statute operates on the right or claim itself. *Van Pelt v. Greathouse*, 219 Neb. 478, 485-486 (364 NW2d 14) (1985).

Courts in other states have uniformly held that corporate survival statutes begin to run at the date of dissolution and have dismissed claims initiated outside of the prescribed period. See, e.g., *M. S. v. Dinkytown Day Care Center*, 485 NW2d 587, 588 (S.D. 1992) (holding that minority tolling statute did not apply to extend time provided under corporate survival statute); *Canadian Ace Brewing Co. v. Anheuser-Busch, Inc.*, 448 FSupp. 769 (N.D. Ill. 1978), aff'd, 601 F2d 593 (7th Cir. 1979), cert. denied, 444 U. S. 884 (100 SC 175, 62 LE2d 113) (1979) (holding allegation of fraudulent concealment did not affect the running of the survival statute). *Swindle v. Big River Broadcasting Corp.*, 905 SW2d 565, 568 (Tenn. App. 1995). See also *Williams v. United States*, 674 FSupp. 334 (N.D. Fla. 1987) (tolling principles applicable to statutes of limitation are inapplicable to corporate survival statute).

Accordingly, at the time JPS filed its renewal action, it was no longer in existence. *Gas Pump*, supra at 584. Therefore, because JPS no longer had the capacity to sue, the trial court erred in denying Deere's motion to dismiss the suit.

*Judgment reversed. Barnes and Adams, JJ., concur.*

DECIDED DECEMBER 12, 2003.

*Mozley, Finlayson & Loggins, Lawrence B. Domenico*, for appellants.

*Melanie M. Norvell*, for appellee.

---

[1] We note that the term "statute of limitation" is used in *Smith v. Branch*, 226 Ga. App. 626 (487 SE2d 35) (1997), when referring to a predecessor statute to OCGA § 14-2-1410. But, it was the trial court and the appellants who used the term and it had no significance in the holding of that case.