## A06A1745. WILLIAMS v. MARTIN LAKES CONDOMINIUM ASSOCIATION, INC.
(644 SE2d 424)

ELLINGTON, Judge.

Pursuant to a granted interlocutory appeal, Mary Ann Williams challenges an order of the State Court of Fulton County which denied her motion for summary judgment in this suit brought by Martin Lakes Condominium Association, Inc. ("the Association"), to collect past-due fees and assessments. Williams contends she was entitled to summary judgment because the Association, an administratively

---

dissolved corporation, lacked the capacity to sue when it filed its complaint. Williams also contends the court should have enforced a settlement agreement. Finding no error, we affirm.

1. On appeal from a grant or denial of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law. *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

The relevant, undisputed facts are as follows. On November 8, 1999, the Association, a nonprofit corporation, sued Williams to collect $1,220 in past-due fees and assessments on her condominium. Williams answered, asserting as a defense that the Association lacked the legal capacity to sue. The Association admits it was administratively dissolved on July 1, 1993. However, on June 1, 2000, the Association's corporate charter was reinstated. In denying Williams' motion for summary judgment, the state court concluded that the Association had legal capacity to sue because "reinstatement of its corporate status allows it to resume its business as if the administrative dissolution never occurred." We agree.

Under Georgia law, when a nonprofit corporation is administratively dissolved it "continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under [OCGA §] 14-3-1406." OCGA § 14-3-1421 (c). A corporation that has been administratively dissolved may apply for reinstatement, and this may be done at any time. See OCGA § 14-3-1422 (a). At present, Georgia law does not limit the period during which a corporation may apply for reinstatement.[1] When an administratively dissolved corporation has been reinstated, the reinstatement "relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred." OCGA § 14-3-1422 (d). Further, this Code section "shall apply to all corporations administratively dissolved under [OCGA §] 14-3-1421 or any similar former statute, regardless of the date of dissolution." OCGA § 14-3-1422 (e).

Although the appellate courts of this State have not addressed whether reinstatement under this Code provision revives the corporation such that it has the capacity to sue in that period between

---

[1] When this OCGA § 14-3-1422 was enacted in 1991, it contained a two-year limitation on reinstatement. 1991 Ga. L. pp. 465, 570-571, § 1. In 1995, the section was amended to provide that reinstatement must take place "within five years after the effective date of dissolution." 1995 Ga. L. pp. 975-976, § 1. In 1997, the period during which a dissolved corporation may apply for reinstatement was removed entirely. 1997 Ga. L. pp. 1165, 1185-1186, § 18.1.

dissolution and reinstatement, we find case law from other jurisdictions persuasive. The Court of Appeals of Tennessee, considering a statute identical to ours, concluded that a reinstated homeowners association that had filed suit during its dissolution "possessed the legal capacity to pursue its appeal." *Blaylock & Brown Constr. Co. v. The Collierville Bd.*, 23 SW3d 316, 324 (Tenn. App. 1999). The court reasoned that

> the sole purpose of the statute authorizing revocation and reinstatement of a corporate charter is to raise revenue for the state. The statute does not stand for the proposition that once a corporation's charter is revoked that corporation no longer exists and therefore any acts by the "corporation" are invalid. This is evident by the fact that reinstatement of the charter validates the corporation's existence and privileges from the date of revocation.

(Citations and punctuation omitted.) Id. at 323-324.

When considering whether a reinstated corporation had the capacity to contract during its dissolution, the Court of Appeals of Kentucky also found that reinstatement validates a dissolved corporation's interim acts. *Fairbanks Arctic Blind Co. v. Prather & Assoc.*, 198 SW3d 143, 146 (Ky. App. 2005). The court reasoned that

> the object of (corporate dissolution and reinstatement statutes) being solely the raising of revenue for the State . . . it would be inequitable to permit third persons, such as the defendants here, who had dealt with the corporation in the period when its charter had been forfeited to defend suits against them on this ground after the corporation had complied with (the reinstatement statute) and it had been reinstated as a corporation and entitled to all its franchises and privileges. In good conscience the defendants, who are strangers to the dealings between plaintiff and the State, should not be allowed to take advantage of the plaintiff's default in paying its taxes to escape their own obligations to the plaintiff, when its default has been cured by its subsequent compliance with the statutory requirements.

(Footnote omitted.) Id. at 144-145.

We find this rationale persuasive and hold that because the Association in the instant case was effectively reinstated, it possessed the legal capacity to sue at the time the complaint was filed. See *Fairbanks Arctic Blind Co. v. Prather & Assoc.*, 198 SW3d at 146; *Blaylock & Brown Constr. Co. v. The Collierville Bd.*, 23 SW3d at 324;

*LeLac Property Owners' Assn. v. Routh*, 493 S2d 1131, 1133 (Fla. App. 1986). See also Annotation, Reinstatement of Repealed, Forfeited, Expired, or Suspended Corporate Charter as Validating Interim Acts of Corporation, 42 ALR4th 392 (2006). The cases cited by Williams are inapposite because they do not involve a corporation that had been reinstated. *Gas Pump, Inc. v. Gen. Cinema Beverages of North Fla.*, 263 Ga. 583 (436 SE2d 207) (1993) (administratively dissolved corporation sued after two-year period for reinstatement had expired); *Deere & Co. v. JPS Dev., Inc.*, 264 Ga. App. 672 (592 SE2d 175) (2003) (two-year "winding-up" period had run and the corporation had not sought reinstatement).

2. Williams contends the trial court should have granted her motion for summary judgment because the evidence shows that the case had been settled. However, she fails to cite any record evidence in support of this proposition in her brief or in her reply brief. In fact, the only evidence before us is the affidavit of the Association's property manager, who denies that any settlement occurred. Finally, there is no transcript of the motion for summary judgment hearing in the record. Because Williams has not carried her burden of showing error, we affirm the trial court's denial of her motion for summary judgment. *Majeed v. Randall*, 279 Ga. App. 679, 680-681 (2) (632 SE2d 413) (2006) (an appellant must show error from the record, and this burden is not satisfied by mere assertions in the appellate brief).

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED MARCH 8, 2007 —
RECONSIDERATION DENIED MARCH 28, 2007.

*Meriwether & Tharp, Robert L. Tharp, Reginald A. Ross*, for appellant.

*Lipshutz, Greenblatt & King, Randall M. Lipshutz, James V. Zito, Adrian Britt*, for appellee.