### A10A0761. GC QUALITY LUBRICANTS, INC. v. DOHERTY, DUGGAN & ROUSE INSURORS et al.
#### (697 SE2d 871)

DOYLE, Judge.

GC Quality Lubricants, Inc. ("GC"), appeals the trial court's grant of summary judgment to Doherty, Duggan & Rouse Insurors, Underwriters of Lloyd's, London, and Georgia Power Company (collectively "the Defendants") in GC's action for electrical storm damage to GC's property as a result of the alleged negligence of the Defendants. The trial court determined that at the time of filing, GC did not have capacity to bring the suit. For the reasons that follow, we affirm.

> On appeal from a grant or denial of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the nonmovant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law.[1]

The record before us reveals that on February 11, 2005, GC

---

[1] *Williams v. Martin Lakes Condo. Assn.*, 284 Ga. App. 569, 570 (1) (644 SE2d 424) (2007).

alleged that an electrical storm damaged its office equipment. On July 9, 2005, the Secretary of State of Georgia administratively dissolved GC for failing to pay corporate dues, pursuant to OCGA § 14-2-1420. Several years later, on February 15, 2008, GC filed suit claiming that it was a Georgia corporation and that the Defendants were liable in various capacities to pay for the damaged equipment. In March 2008, the Defendants answered and moved for summary judgment, arguing that because GC had been administratively dissolved on July 9, 2005, the two-year survival statute for asserting the claims of a dissolved corporation under OCGA § 14-2-1410 had run as of July 9, 2007. In April 2009, GC applied for reinstatement of a dissolved corporation with the Secretary of State, which the Secretary granted on April 28, 2009.

GC replied to the motion for summary judgment and argued that as a result of the Secretary's reinstatement of the corporation, GC's suit was rendered validly filed pursuant to the language of OCGA § 14-2-1422 (d), which states that "[w]hen the reinstatement is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred."

After a hearing, a transcript of which does not appear in our record, the trial court issued an order on June 3, 2009, granting the Defendants' motions for summary judgment, finding that in order for GC to have filed a valid lawsuit while administratively dissolved, it was required to do so within two years of dissolution — prior to July 9, 2007 — pursuant to OCGA § 14-2-1410. Moreover, the court found that the four-year statute of limitation for the property damage claims had expired on February 11, 2009,[2] without GC being reinstated by the Secretary of State and, therefore, without GC having filed a valid lawsuit. The court declined to adopt GC's reasoning that the suit was rendered validly filed upon the corporation's reinstatement pursuant to OCGA § 14-2-1422 (d), finding that such a reading would render meaningless the survival statute of OCGA § 14-2-1410.

In its single enumeration on appeal, GC argues that the trial court erred by refusing to find that the Secretary of State's reinstatement pursuant to OCGA § 14-2-1422 (d) rendered valid the complaint filed during GC's dissolution. We agree with the trial court and affirm for the following reasons.

"In construing statutes, courts shall look diligently for the

---

[2] In so holding, the trial court relied on OCGA § 9-3-30 (a) (four-year statute of limitation applies to a claim for tort damage to real property).

intention of the General Assembly. The words of a statute should be given a reasonable and sensible interpretation to carry out the legislative intent and render the statute valid."[3] Moreover, "it is well settled that a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent."[4]

OCGA § 14-2-1410 states:

> The dissolution of a corporation in any manner . . . shall not take away or impair any remedy available to such corporation, its directors, officers, or shareholders for any right or claim existing prior to such dissolution *if action or other proceeding thereon is pending on the date of such dissolution or is commenced within two years after the date of such dissolution. . . .*[5]

Thus, an administratively dissolved corporation can file a lawsuit as long as it does so within two years of its dissolution. Pursuant to OCGA § 14-2-1422 (a), however, an administratively dissolved corporation "may apply to the Secretary of State for reinstatement within five years after the effective date of such dissolution." The effect of reinstatement pursuant to OCGA § 14-2-1422 is to "relate[ ] back to and take[ ] effect as of the effective date of the administrative dissolution[,] and the corporation resumes carrying on its business as if the administrative dissolution had never occurred."[6] The question in this case is whether GC's reinstatement validated its lawsuit that GC lacked capacity to bring when it was filed.

The parties agree that no Georgia case exists that addresses the facts and applicable statutes in this case. In *Williams v. Martin Lakes Condo. Assn.*,[7] this Court, construing similar statutory provisions that apply to nonprofit corporations and organizations under OCGA § 14-3-1401 et seq., determined that reinstatement resulted in legal capacity to sue even though the association had been administratively dissolved at the time the suit was filed. That case, however, was decided when the legislature had amended the Code, dropping entirely the time limit for applying for reinstatement as well as the two-year survival statute.[8] Thus, there was no time limit within which the

---

[3] (Punctuation omitted.) *Transworld Financing Corp. v. Coastal Tire &c.*, 298 Ga. App. 286, 288 (1) (680 SE2d 143) (2009).

[4] (Punctuation omitted.) *Baylis v. Daryani*, 294 Ga. App. 729, 730 (1) (669 SE2d 674) (2008).

[5] (Emphasis supplied.)

[6] OCGA § 14-2-1422 (d).

[7] 284 Ga. App. at 571 (1).

[8] See id. at 570-571 (1). See also Ga. L. 2004, pp. 546-547, § 58; Ga. L. 1997, pp. 1185-1186, § 18.1.

association was required to conclude any business necessary to wind up its affairs, including filing the lawsuit in question.

In *Deere & Co. v. JPS Dev.*,[9] this Court concluded that a lawsuit was subject to dismissal when filed outside the then applicable two-year period for reinstatement under OCGA § 14-2-1422 as well as the two-year corporate survival statute of OCGA § 14-2-1410. This Court relied on a certified question answered by the Georgia Supreme Court in *Gas Pump v. Gen. Cinema &c.*,[10] in which the Supreme Court concluded that a dissolved corporation did not have capacity to sue when it filed its lawsuit after the two-year period for seeking reinstatement. The Court went on to explain that even if the appellant was correct that the previous five-year reinstatement period applied, the argument "[was] of no practical effect [because the former Code also] provided a two-year limitation period for the initiation of any action by the dissolved corporation."[11] While that language applies directly to the facts of this case, the Supreme Court cautioned that because the appellant had not been reinstated nor had it applied for reinstatement, the issue of the effect of reinstatement was not addressed.[12] Moreover, none of the cases cited above addresses the effect of reinstatement on an expired statute of limitation for the underlying cause of action.

We hold that in this instance, the trial court correctly concluded that GC, as an administratively dissolved corporation on July 9, 2005, was not competent to initiate the action after the two-year survival statute expired. Thus, the February 15, 2008 lawsuit was a legal nullity, and when GC was reinstated in April 2009, there was no lawsuit to validate, amend, or revise.[13] Further, GC's failure to obtain reinstatement prior to the expiration of the four-year statute of limitation for the underlying causes of action prevented GC from initiating a valid timely filed lawsuit. To hold otherwise would result in the improper extension of the four-year statute of limitation.[14]

---

[9] 264 Ga. App. 672, 673-674 (592 SE2d 175) (2003).

[10] 263 Ga. 583, 584-585 (2) (436 SE2d 207) (1993).

[11] Id. at 585 (2).

[12] See id. at 585 (2).

[13] See *Mathews v. Cleveland*, 159 Ga. App. 616, 617 (284 SE2d 634) (1981) ("To all civil actions brought in the courts of this State there must be a proper party plaintiff. The plaintiff may be a natural or an artificial person, or a quasi-artificial person, such as a partnership. If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, it is a mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by.") (citation and punctuation omitted). Compare with *Block v. Voyager Life Ins. Co.*, 251 Ga. 162, 163 (1) (303 SE2d 742) (1983) (addressing misnomer of parties on the right to amend a previously filed action because *a legal entity* is the actual party in interest).

[14] GC was not reinstated until approximately two-and-a-half months after the statute of limitation for the underlying actions expired.

Accordingly, we affirm the trial court's order dismissing the action.
*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 1, 2010 — 

*Lovett & Myers, Linwood R. Lovett, Matthew M. Myers,* for appellant.

*Jones, Cork & Miller, Howard J. Strickland, Jr., H. Jerome Strickland, Owen, Gleaton, Egan, Jones & Sweeney, Charles J. Cole,* for appellee.